# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED SALON VISIONS INC., a California corporation; MOHSEN MOKHTARI; ADVANCED SALON VISIONS, INC. WELFARE BENEFIT PLAN, an employee benefits plan under ERISA,<br><br>Plaintiffs,<br><br>vs.<br><br>LINCOLN BENEFIT LIFE COMPANY, a Nebraska corporation; PRINCIPAL LIFE INSURANCE COMPANY, an Iowa Corporation; CONSECO LIFE INSURANCE COMPANY, an Indiana corporation; NICHE MARKETING, INC., a California corporation; NICHE PLAN SPONSORS, INC., a California corporation; CLARK ANDERSON, an individual; FRED L. STEPHENSON, an individual; PHILLIP D. ROWE, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 08cv2346-LAB (WMc)<br><br>**ORDER ON PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO RECONSIDER** |

On September 29, 2009, the Court entered an order dismissing Plaintiffs' ERISA claims and declining to exercise supplemental jurisdiction over its state law claims. Now before the Court is Plaintiffs' *ex parte* application for leave to file a motion to reconsider. That application is **GRANTED**.

The Court acknowledges now, contrary to its September 29, 2009 order, that Plaintiffs did request leave to amend their complaint.[1]

Needless to say, however, the Court spotted numerous flaws in Plaintiffs' complaint and subsequent briefing, which it highlighted in its September 29 order. Plaintiffs are expected to address each one in their motion for reconsideration, in addition to those other arguments it wishes to make.

First, assuming the distinction between the §§419(A)(f)(6) and 419(e) plans is genuine, and the October 7, 2005 letter, as Plaintiffs argue, only "commenced the running of the ERISA statute of limitations with regard to Lincoln's 419(e) plan," why aren't Plaintiffs' ERISA claims against the other defendants, relating to the 419A(f)(6) plans, time-barred?

Second, there is a glaring discrepancy in Plaintiffs' pleadings, highlighted on page 6 of the Court's order, with respect to the timing of the 419(e) plan. If it was entered into, as Plaintiffs say in their complaint, on January 1, 2004, then what is the Court to make of Plaintiffs' explanation in their opposition brief to Anderson's motion to dismiss that "Defendants terminated the plan and moved him into the 'new' 419(e) plan under the false pretense that the [October 7, 2005] IRS letter was nothing to worry about"?

Third, to the extent Plaintiffs now appear to hang their ERISA claims on alleged misrepresentations concerning commissions, are they no longer basing their ERISA claims on alleged misrepresentations concerning the tax consequences of the life insurance policies?

Fourth, if the commissions are as central to Plaintiffs' claims as they now suggest, why were they not mentioned once in the "Factual Allegations" section of the complaint? More to the point, why were they only mentioned in sentences that appear to have been lifted, verbatim, from previous filings by Plaintiffs' counsel?

---

[1] In their opposition to Principal's motion to dismiss, Plaintiffs devoted an entire section to requesting leave to amend their *state law* causes of action. In their opposition to Lincoln and Anderson's motions to dismiss, the Plaintiffs merely said in a concluding paragraph, "Plaintiffs request leave to amend to cure any deficiencies." (Opp'n Br. to Anderson at 12; Opp'n Br. to Lincoln at 23.)

Fifth, Judge Gonzalez in the *Omni* case dismissed a claim for breach of covenant of good faith on the grounds it was preempted by ERISA, as well as an Unfair Trade Practices Act claim. Plaintiffs say "they have modeled their complaint around Judge Gonzalez's ruling in the *Omni* case." If this is true, why have Plaintiffs re-alleged, verbatim, the very claims dismissed by Judge Gonzalez in *Omni*? Do they abandon those claims now?

Plaintiffs have **14 calendar days** from the date this order is entered to file a motion for reconsideration. Defendants will have another **14 calendar days** from the date the motion is filed to file an opposition. The Court will take the motion under submission at that time.

**IT IS SO ORDERED**.

DATED: November 1, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge